787 So.2d 112 (2001)
Jesus MACHADO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1851.
District Court of Appeal of Florida, Fourth District.
April 18, 2001.
Opinion on Denial of Rehearing May 23, 2001.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Jesus Machado appeals after a jury convicted him of first degree murder (Count I), second degree murder without a firearm (Count II), attempted second degree murder without a firearm (Counts III and IV), and attempted robbery (Count V). We affirm.
*113 Appellant and Hector Olivera were charged by indictment with first degree murder (Count I), second degree murder while in actual possession of a firearm (Count II), attempted first degree murder while in actual possession of a firearm (Counts III and IV), and attempted robbery while in actual possession of a firearm (Count V). The trial court subsequently granted appellant's motion to sever his case from Olivera's. Appellant then proceeded to a jury trial, at which the following facts were adduced.
Joel Herrera drove home at night with his two daughters, Christine and Kathleen, ages seven and five respectively. After being alarmed by his barking dog, Herrera exited his vehicle with his gun. When he did not notice anything out of the ordinary, his daughters exited the vehicle to walk to the front door of his house.
At that point, Enrique Machado, Sr., appellant's uncle, jumped from the bushes and ordered Herrera to stop. Herrera then fired his gun and was struck by four separate gunshots. After the exchange of gunfire, Herrera, Christine, and Kathleen were wounded and Enrique, Sr. was killed. Kathleen later died from her wounds.
There was no forensic evidence, such as fingerprints, that placed appellant at the scene. Further, Herrera saw only Enrique, Sr. and one unidentifiable man fleeing. A witness, however, saw two unidentified people fleeing the scene, while the firearms expert testified that, based on the evidence, there were three classes of guns involved in the incident.
Enrique Machado, Jr., the son of Enrique, Sr., testified for the prosecution. He explained that Olivera was a good friend of Enrique, Sr.'s and came to Enrique, Sr.'s funeral immediately after being questioned by the police about the incident. At the funeral, Olivera bragged to Enrique, Jr. that the police could not catch him and showed Enrique, Jr. a cut on his leg that the police missed in its examination. Enrique, Jr. also testified that a few months later, while at Olivera's house and in Olivera's car, Olivera explained that he, appellant, Enrique, Sr., and a fourth man, waited to ambush the victim. Olivera described how Herrera exited the vehicle with his gun and daughters, and then told Enrique, Jr. that he dropped to the floor and started shooting after Enrique, Sr. was shot.
At the conclusion of trial, the jury found appellant guilty of Count I as charged. It also found him guilty of the lesser included offenses of second degree murder without a firearm under Count II, attempted second degree murder without a firearm under Counts III and IV, and attempted robbery under Count V. Appellant subsequently filed a motion for new trial, which was denied. This timely appeal follows.
Appellant first argues that Enrique, Jr.'s testimony repeating Olivera's statements constituted inadmissable hearsay. We disagree. A non-testifying accomplice's statement against penal interest is admissible as a hearsay exception if corroborating circumstances show the statement has "particularized guarantees of trustworthiness." See Lilly v. Virginia, 527 U.S. 116, 136-37, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999); § 90.804(2)(c), Fla. Stat. (1993). When determining whether the statement contains "particularized guarantees of trustworthiness," courts should look to the surrounding circumstances, including the language used by the accomplice and the setting in which the statements were made. See Lilly, 527 U.S. 116, 139, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999).
Here, Olivera's statements were voluntarily made out of the presence of officers and in a personal setting. The record *114 further shows that he made the statements in order to describe how the witness's father died and to gloat about evading police arrest. Because Olivera voluntarily made the statements to his friend's son, Enrique, Jr., without any fear of capture, without intending to shift blame, and while in a personal setting, we hold that the trial court properly admitted his statements. See Smith v. State, 746 So.2d 1162, 1170 (Fla. 1st DCA 1999), rev. denied, 767 So.2d 461 (Fla.2000).
Appellant next argues that the trial court erred by refusing to instruct the jury, pursuant to the Florida Standard Jury Instruction (Criminal) 2.04(b),[1] that Enrique Jr.'s testimony should be viewed with great caution because it included statements from Olivera, an accomplice. Again, we disagree. That instruction only applies where the accomplice testifies at trial. Because Enrique, Jr. was not an accomplice to the murder for which appellant was being tried, we hold that the standard jury instructions given on witness credibility and the jury's prerogative to believe or disbelieve witnesses adequately covered his status. See Grossman v. State, 525 So.2d 833, 837 (Fla.1988), receded from on other grounds, Franqui v. State, 699 So.2d 1312 (Fla.1997).
Last, appellant argues that the cumulative effect of the trial court's alleged errors referenced above denied him a fair trial. Because we held that the trial court did not commit any errors, this argument has no merit.
AFFIRMED.
STEVENSON and TAYLOR, JJ., concur.

ON MOTION FOR REHEARING
POLEN, J.
On appellant's motion for rehearing, we recognize Brooks v. State, 787 So.2d 765 (Fla.2001), but hold that Brooks is factually distinguishable from the instant case.
REHEARING DENIED.
POLEN, STEVENSON, and TAYLOR, JJ., concur.
NOTES
[1] Florida Standard Jury Instruction (Criminal) 2.04(b) provides, in pertinent part,

You should use great caution in relying on the testimony of a witness who claims to have helped the defendant commit a crime. This is particularly true when there is no other evidence tending to agree with what the witness says about the defendant.
Fla. Std. Jury. Instr. (Crim.) 2.04(b).