DAMOORGIAN, J.
 

 Appellant, Norman Brown, appeals his judgments and sentences for first-degree murder, attempted armed robbery, aggravated fleeing or eluding a law enforcement officer and resisting an officer without violence.
 
 [1]
 
 Appellant argues that the trial court abused its discretion in admitting testimony from a third party who testified to statements made by a co-defendant describing Appellant’s participation in the murders and attempted robbery. Appellant also contends that his trial counsel was ineffective for failing to make the proper objections to this testimony. Finding no reversible error, we affirm Appellant’s convictions and sentences.
 

 The evidence adduced at trial established that Appellant and two other individuals
 
 [2]
 
 attempted to rob three victims. During the course of the robbery, two of the victims were shot and killed. Appellant’s DNA evidence was found at the murder scene. Outside the presence of the jury, and in anticipation of Appellant’s objection, the State proffered the testimony of Miller’s friend. Miller’s friend was party to a conversation in which Miller implicated himself as well as Appellant and Chestnut in the crimes. During the State’s proffer, Miller’s friend testified that the conversation with Miller took place in the neighborhood in which they lived. He went on to state that during the conversation, Miller pointed out a photograph appearing in the newspaper discussing Appellant’s arrest, and explained that he, along with Appellant and Chestnut, went to rob “some Mexicans” on a Friday because it was “payday.” During the robbery, Miller and Appellant shot and killed two of the victims because they did not do as they were told.
 

 Citing to
 
 Machado v. State,
 
 787 So.2d 112 (Fla. 4th DCA 2001), the State argued that Miller’s statements were admissible as an exception to the hearsay rule because Miller made the statements against his penal interest under corroborating circumstances indicating their trustworthiness. To establish the trustworthiness of the statements, the State cited to the fact that Miller’s statements to the witness were made in a social setting, not in a police environment, and implicated Miller as well as Appellant and Chestnut. Finally, the State argued that allowing the testimony would not violate Appellant’s Sixth Amendment right of confrontation
 
 [3]
 
 under Crawford,
 
 [4]
 
 because Miller’s statements were not “testimonial” hearsay as that term has been defined.
 

 In response, Appellant argued that the statements were not trustworthy or reliable because certain evidence was inconsistent with Miller’s statements. The inconsistencies included that Miller stated he killed one person and Appellant killed another, but the evidence showed that one
 
 *318
 
 gun killed both individuals;
 
 [5]
 
 furthermore, the statements of Miller’s friend did not indicate that Appellant had suffered injuries during the incident, which was contrary to Appellant’s testimony that he suffered a cut and contrary to the evidence of his blood gathered from the scene of the crime. Over Appellant’s objection, the trial court ruled that the statements met the guidelines set forth in
 
 Machado,
 
 concluding that there were “particularized guarantees of trustworthiness” based on the language used by Miller and the setting in which the statements were made. The trial court also found the statements admissible under section 90.803(18)(e), Florida Statutes (2009), which allows hearsay statements by co-conspirators in furtherance of the conspiracy. After its ruling, the witness was allowed to testify before the jury about what Miller told him.
 

 On appeal, Appellant argues that Miller’s statements to his friend were testimonial in nature and fell within the
 
 Crawford
 
 purview because they were “ ‘made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.’ ”
 
 Crawford v. Washington,
 
 541 U.S. 36, 52, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Appellant points out that an objective witness, in Miller’s position, would reasonably believe a double murder confession to a non-privileged listener, without a confidentiality agreement, would later be used in trial. Therefore, Appellant contends that the trial court erred in concluding
 
 Crawford
 
 was inapplicable, and asserts that Appellant’s confrontation right was violated by the admission of the third party’s testimony relating Miller’s statements.
 

 In
 
 Crawford,
 
 the Supreme Court held that the admission of a hearsay statement made by a declarant who does not testify at trial violates the Sixth Amendment if (1) the statement is testimonial, (2) the declarant is unavailable, and (3) the defendant lacked a prior opportunity for cross-examination of the declarant.
 
 Id.
 
 at 53-54, 124 S.Ct. 1354. The Court emphasized that' if “testimonial evidence is at issue, ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.”
 
 Id.
 
 at 68, 124 S.Ct. 1354. “Only [testimonial statements] cause the declarant to be a ‘witness’ within the meaning of the Confrontation Clause.”
 
 Davis v. Washington,
 
 547 U.S. 813, 821, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). “It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause.”
 
 Id.
 

 The Supreme Court identified “[v]arious formulations” of the core class of “ ‘testimonial’ ” statements; among these are:
 

 ex parte
 
 in-court testimony or its functional equivalent-that is, materials such as affidavits, custodial examinations, pri- or testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecuto-rially, extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony or confessions, statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial, ... [and] [statements taken by
 
 *319
 
 police officers in the course of interrogations.
 

 Crawford,
 
 541 U.S. at 51-52, 124 S.Ct. 1354 (internal citations and quotations omitted). At a minimum, statements are testimonial if the declarant made them “at a preliminary hearing, before a grand jury, or at a former trial; and [during] police interrogations.”
 
 Id.
 
 at 68, 124 S.Ct. 1354.
 

 When a statement is not testimonial it “is not subject to the Confrontation Clause.”
 
 State v. Contreras,
 
 979 So.2d 896, 903 (Fla.2008). Most courts agree that a spontaneous statement to a friend or family member is not likely to be testimonial under
 
 Crawford. See Franklin v. State,
 
 965 So.2d 79, 91 (Fla.2007) (collecting cases and holding that a victim’s statements to a friend and co-worker immediately after being shot were nontesti-monial). That is precisely what occurred in this case. Accordingly, we hold that Miller’s statements to his friend were not testimonial in nature, and, therefore, no violation of the Confrontation Clause occurred by their admission through Miller’s friend.
 

 With respect to the alleged
 
 Crawford
 
 violation, Appellant argues that this case is consistent with
 
 Looney v. State,
 
 803 So.2d 656, 671 (Fla.2001), wherein the trial court allowed an inmate to testify about the hearsay statement of a non-testifying co-defendant, which incriminated Looney at their joint trial. The Florida Supreme Court determined that although a violation had occurred, the error was harmless based on the direct testimony and corroborating evidence presented at trial as to Looney’s involvement in the murder.
 
 Id.
 
 at 672. Looney relied on
 
 Bruton v. United States,
 
 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which held that a defendant’s Confrontation Clause rights are violated where the out-of-court inculpatory statements of a co-defendant are admitted at a joint trial.
 
 Id.
 
 at 137, 88 S.Ct. 1620 (emphasis added). We reject this argument because
 
 Looney
 
 was decided on other grounds prior to
 
 Crawford,
 
 and, thus, did not address the dispositive issue here regarding whether the statements were' testimonial in nature subjecting them to the Confrontation Clause.
 

 Appellant next argues that Miller’s statements were not admissible under section 90.804(2)(c), Florida Statutes (2009) as statements against interest, and contends that this case is distinguishable from
 
 Ma-chado.
 
 We disagree.
 
 [6]
 

 In
 
 Machado,
 
 we held that “[a] non-testifying accomplice’s statement against penal interest is admissible as a hearsay exception if corroborating circumstances show the statement has ‘particularized guarantees of trustworthiness.’ ” 787 So.2d at 114 (quoting
 
 Lilly v. Virginia,
 
 527 U.S. 116, 136-37, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999)). When determining whether the statement contains “particularized guarantees of trustworthiness,” courts should look to the surrounding circumstances, including the language used by the accomplice and the setting in which the statements were made.
 
 See Lilly,
 
 527 U.S. at 139, 119 S.Ct. 1887. Miller’s statements were voluntarily made, without intending to shift blame, in a personal setting, to a friend. Moreover, Miller implicated himself as well as Appellant, and provided details of the crime which were consistent with the other evidence in the case. These facts included the number of
 
 *320
 
 victims and their ethnicity, Appellant’s nickname, the day of the week the crime took place, the manner of death, and the particular conduct resulting in the deaths. As such, we hold that the trial court properly admitted Miller’s statements.
 

 Defendant’s reliance on
 
 Brooks v. State,
 
 787 So.2d 765, 775 (Fla.2001) is misplaced. In
 
 Brooks,
 
 the trial court allowed the admission of a co-defendant’s statements to an investigator prior to his arrest under the hearsay exception “statement against interest” pursuant to section 90.804(2)(c).
 
 Id.
 
 at 774. The supreme court reversed, on this and other grounds, holding that while co-defendant’s statements were self-inculpatory when considered on their own, when viewed as a whole and under the investigatory circumstances in which they were made, were predominantly self-serving in attempting to shift blame, thus lacking the necessary “‘guarantees of trustworthiness.’ ”
 
 Id.
 
 at 777. We hold that
 
 Brooks
 
 is factually distinguishable from the instant case. More to the point, like
 
 Machado,
 
 the corroborating circumstances surrounding Miller’s statements show his statements had “ ‘particularized guarantees of trustworthiness.’” 787 So.2d at 113 (quoting
 
 Lilly,
 
 527 U.S. at 136-37, 119 S.Ct. 1887).
 

 Lastly, Appellant argues that to the extent his attorney failed to make the proper objections to the admission of the statements under
 
 Crawford
 
 or sections 90.804(2)(c) and 90.803(18)(e), his attorney’s performance was deficient, and this deficient performance prejudiced him.
 
 Strickland v. Washington,
 
 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (explaining that ineffective assistance of counsel is found when counsel’s performance falls below an objective standard of reasonableness and when there is a reasonable probability that the results of the proceeding would have been different but for the inadequate performance). Because we find that no
 
 Crawford
 
 violation occurred and that trial counsel’s objections properly preserved Appellant’s section 90.804(2)(c) argument for appellate purposes, trial counsel’s performance was not deficient on those grounds. Furthermore, because we conclude that the trial court properly admitted the statements under section 90.804(2)(c), and properly found the statements trustworthy and reliable pursuant to
 
 Machado,
 
 Appellant cannot show prejudice under
 
 Strickland
 
 in regards to counsel’s failure to object based upon the trial court’s
 
 sua sponte
 
 ruling that the statements were also admissible under section 90.803(18)(e).
 

 Affirmed.
 

 CIKLIN and LEVINE, JJ., concur.
 

 [1]
 

 . The incident leading to charges of first-degree murder and attempted armed robbery occurred on May 19, 2006. The other charges arose from the police’s attempt to execute an arrest warrant for the Appellant on June 23, 2006.
 

 [2]
 

 . The two other individuals were co-defendants Kevin D. Miller and Donny Chestnut. Their cases were severed.
 

 [3]
 

 . "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const, amend. VI.
 

 [4]
 

 .
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
 

 [5]
 

 . This argument does not correspond with the evidence at trial. The firearms examiner in this case testified that based on her investigation she could not exclude another firearm.
 

 [6]
 

 . Because we conclude that the trial court did not err in admitting Miller's statements under the statement against interest hearsay exception and
 
 Machado,
 
 we decline to address the propriety of the trial court's
 
 sua sponte
 
 ruling that the statements were also admissible under section 90.803(18)(e).