# First District Court of Appeal
## State of Florida

_____

No. 1D17-575

_____

ALDEN MITCHELL HOWARD,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Alachua County.
William E. Davis, Judge.

October 2, 2018

OSTERHAUS, J.

Alden Mitchell Howard appeals his convictions for attempted felony murder with a firearm, home invasion robbery with a firearm, and possession of a firearm by a felon. He argues that he was wrongly tried with an accomplice and that his motion for severance should have been granted. We affirm, finding no error in the trial court's decision to deny his motion for severance.

## I.

In 2015, Mr. Howard and an accomplice robbed an acquaintance of the accomplice at the victim's home. They knocked on the door of the victim's home, and when he answered it, they struck him on the head with a gun and forced themselves inside.

Mr. Howard and his accomplice proceeded to overpower and beat the victim into submission, bind him with duct tape, and shoot him in the leg. They also put a pillow over the victim's head, placed a gun to his head, and pulled the trigger. The victim heard a "click, click" noise, but the gun didn't go off. Mr. Howard and his accomplice then fled the residence with drugs and money, leaving the victim bound and bleeding.

Law enforcement later arrested them and they were set for trial together—Mr. Howard by jury trial and the accomplice/co-defendant by bench trial. After discovery, Mr. Howard filed a motion to sever the trials based on the depositions of State witnesses who were former friends and fellow prisoners with the co-defendant in jail. They claimed that the co-defendant made a confession to them at the jail, which implicated both the co-defendant and Mr. Howard in the crimes. But the trial court denied Mr. Howard's motion to sever the trials.

The two witnesses subsequently testified at the trial. The victim also testified, identifying the defendants as his attackers. The jury found Mr. Howard guilty.

## II.

On appeal, Mr. Howard argues that the court erred in denying his motion for severance because the testimony of the State's witnesses regarding the co-defendant's apparent confession violated his rights to cross-examination and to confront the witnesses against him.

Florida Rule of Criminal Procedure 3.152(b)(1) directs trial courts to sever the trials of defendants whenever necessary "to promote a fair determination of the guilt or innocence of one or more defendants." "The object of the rule is not to provide defendants with an absolute right, upon request, to separate trials when they blame each other for the crime. Rather, the rule is designed to assure a fair determination of each defendant's guilt or innocence." *McCray v. State*, 416 So. 2d 804, 806 (Fla. 1982). The question of severance is considered on a case by case basis. *Id.*

2

In this case, Mr. Howard's motion for severance is based on the Sixth Amendment's Confrontation Clause. Mr. Howard argued that third-party testimony describing the jailhouse confession made by his co-defendant, when his co-defendant was not testifying and couldn't be cross-examined, would deprive him of his right to confront the witnesses against him. The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." It is a procedural guarantee that applies to testimonial statements in both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 406 (1965). And it extends particularly to the confessions of nontestifying criminal defendants admitted into evidence in a joint trial with a co-defendant. *See United States v. Bruton*, 391 U.S. 123, 135–36 (1968).

But the Sixth Amendment does not prohibit the statements in this case because there are no "testimonial" statements involved here. "Only [testimonial statements] cause a declarant to be a 'witness' within the meaning of the Confrontation Clause." *Davis v. Washington*, 547 U.S. 813, 821 (2006); *see also State v. Contreras*, 979 So. 2d 896, 903 (Fla. 2008). "Testimonial" statements are those made with an expectation of being used in an investigation or prosecution of a crime, for example, those given to a police investigator, to a grand jury, at a preliminary hearing, or at a former trial. *See Crawford v. Washington*, 541 U.S. 36, 51-52, 68 (2004). The co-defendant's confessional statements in this case were made privately to friends from his neighborhood who were also in jail. In discussing "what he was in for," the co-defendant told the story of his crime to his friends, inculpating both himself and Mr. Howard. With these statements, the co-defendant was not acting as a witness, or giving testimony that would reasonably expected to be used prosecutorially. *See Franklin v. State*, 965 So. 2d 79, 91 (Fla. 2007) (holding that a victim's statements to a friend and co-worker after being shot were nontestimonial).

The Fourth District reached the same result on a similar issue in *Brown v. State*, 69 So. 3d 316 (Fla. 4th DCA 2011). There, the defendant was charged with robbery and murder committed with accomplices. A friend of one the co-defendants testified at trial of a conversation with the co-defendant, in which the co-defendant

implicated himself and the defendant in the crimes. *Id.* at 317. Specifically, the co-defendant described robbing the victims and then shooting them after they refused to comply with directions. *Id.* The trial judge found the statements admissible because they were made to friends and non-testimonial in nature. We find no error in the trial court's decision reaching the same conclusion here.

Mr. Howard's other argument is that these statements are non-admissible hearsay, which don't qualify under § 90.804(2)(c)'s exception for trustworthy statements against penal interest. It is error to admit a co-defendant's confession that implicates a criminal defendant in the absence of specific guarantees of "trustworthiness." *DeWolfe v. State*, 62 So. 3d 1142, 1144 (Fla. 1st DCA 2011) (quoting *Franqui v. State*, 699 So. 2d 1312, 1318-19 (Fla. 1997)). In deciding whether to admit hearsay evidence involving a declaration against penal interest, "the trial judge should consider 'the language used and the setting in which the statement was made,'" and "whether the statement is 'consistent with both the defendant's general version of events and the other evidence.'" *Id.* at 1145 (quoting *Masaka v. State*, 4 So. 3d 1274, 1282 (Fla. 2d DCA 2009)). Here, the court's order found the circumstances surrounding the co-defendant's statements to demonstrate sufficient trustworthiness. And we agree. In this instance, the co-defendant's statements implicated himself in the vicious attack, and were made voluntarily and privately, out of the presence of investigators, to former friends from his neighborhood. The statements also provided details of the crime which were consistent with the other evidence in the case. Whatever their self-serving qualities, the co-defendant's statements did not shift the blame for the crime to Mr. Howard.

Under these circumstances, the trial court could properly admit the witnesses' testimony about the co-defendant's statements under the hearsay exception for statements against penal interest. *See also Machado v. State*, 787 So. 2d 112, 113 (Fla. 4th DCA 2001) (finding a non-testifying accomplice's statement to be admissible as against penal interest where the corroborating circumstances indicated the statement had particularized guarantees of trustworthiness). We find no error in the trial court's decision to deny Mr. Howard's motion for severance. The

4

witnesses' testimony that Mr. Howard sought to avoid didn't violate the Confrontation Clause, was admissible, and didn't deprive him of a fair determination of his guilt.

## III.

For these reasons, Mr. Howard's judgment and sentence are AFFIRMED.

B.L. THOMAS, C.J., and BILBREY, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Stephen N. Bernstein, Gainesville, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.